UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-14030-CR-MARTINEZ(MOORE)LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KURT ANDERSON,

    Defendant.

_____/

FILED by _____ D.C.
JUN 2 0 2007
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.

**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO SEVER DEFENDANTS [D.E. #38], DEFENDANT'S MOTION TO PRECLUDE RULE 404(b) EVIDENCE [D.E. #48] AND AMENDED MOTION TO PRECLUDE RULE 404(b) EVIDENCE [D.E. #51]**

**THIS CAUSE** having come on to be heard upon the aforementioned motions and this Court having reviewed the motions and responses in respect thereto and having held a hearing on June 20, 2007, makes the following recommendation to the District Court:

1.     The Defendant filed a Demand for Specific Notice of Rule 404(b) Evidence [D.E. #32]. In response thereto, the government has indicated in its response [D.E. #47] that it will seek to introduce the following Rule 404(b) evidence:

    a.     January 23, 2007 attempted armed carjacking of a Lexus automobile in Boynton Beach, Florida;

    b.     January 23, 2007 carjacking of an Oldsmobile LSS sedan in Boynton Beach, Florida; and

    c.     February 3, 2007 armed robbery of the Lil Saints Texaco in Stuart, Florida.

2.     The government announced at the beginning of the hearing before this Court that it will be seeking a Superseding Indictment as to the Defendant Kurt Anderson at the next regular Grand Jury session in Fort Pierce to be held June 21, 2007. At that time, the

government will be seeking to add to the present Indictment counts for the attempted carjacking on January 23, 2007, the armed carjacking on January 23, 2007, brandishing a firearm during the attempted carjacking on January 23, 2007, and a Hobbs Act offense concerning discharging of a weapon during the Lil Saints armed robbery on February 3, 2007. Additionally, the government announced that it will be seeking another charge of the Defendant being a felon in possession of a firearm in respect to that Hobbs Act offense.

3. The Defendant's Motion to Preclude Rule 404(b) Evidence [D.E. #48] and the Amended Motion to Preclude Rule 404(b) Evidence [D.E. #51] seek to have any evidence concerning the attempted carjacking of the Lexus, the carjacking of the Oldsmobile and the armed robbery of the Lil Saints Texaco to be precluded during the government's case in chief. However, since the government is now seeking to indict the Defendant in a Superseding Indictment as to those particular offenses, this issue is moot. If the Defendant is in fact indicted for these offenses, any evidence concerning those offenses would be admissible and not subject to the restrictions of Rule 404(b).

4. The Defendant's Motion to Preclude Rule 404(b) Evidence [D.E. #48] also seeks to preclude any evidence concerning a January 14, 2007 armed robbery of the Express Food Market. The government responded at the hearing that it will not be seeking to have the Defendant indicted in respect to that offense and will not be introducing any evidence at trial concerning that offense. For purposes of this motion, this Court will recommend that the Motion to Preclude Rule 404(b) Evidence [D.E. #48] be granted in respect to any evidence of that January 14, 2007 robbery of the Express Food Market only and that the motion be denied in all other respects based upon the government's announcement that the other offenses set forth in the government's response concerning

the Demand for Specific Notice of Rule 404(b) Evidence [D.E. #32] would be presented to the Grand Jury on June 21, 2007. In the event that the Grand Jury does not return a Superseding Indictment as to those offenses listed in the government's response to the specific Rule 404(b) evidence demand, then the Defendant is entitled to renew his motion in respect to those three incidents. If the Defendant is, in fact, indicted by way of a Superseding Indictment on those additional three offenses, then the motion shall be denied as being moot as to those instances.

5. The Defendant's Motion to Sever Defendants [D.E. #38] is also determined by this Court to be moot based upon the fact that the co-defendant has entered into a plea agreement with the government and will be entering a change of plea before the undersigned United States Magistrate Judge on Friday, June 22, 2007. The Motion to Sever Defendants alleges that the trials of each defendant should be severed so that the jury can avoid cumulating the evidence as to the co-defendant and considering it to the prejudice of this Defendant, Kurt Anderson. Additionally, the Motion to Sever Defendants specifically indicated that the co-defendant made numerous statements implicating the Defendant in charged crimes set forth in the Indictment as well as uncharged crimes. Since the co-defendant will now be entering a change of plea, there is no severance that is necessary and this Court will recommend that the Motion to Sever Defendants [D.E. #38] be denied.

6. This Court also feels it necessary that it point out for the District Court the status of the Defendant's competency evaluation. The Defendant has previously filed a Motion for Competency and Sanity Evaluation [D.E. #37] which was granted by this Court by way of Order dated June 8, 2007. That Order committed the Defendant to the custody

of the Attorney General for such a competency/sanity evaluation which this Court understands has begun at FDC, Miami.

7. Counsel for the Defendant announced at the hearing on June 20, 2007, that it was her understanding that the evaluation may not have been completed by the time this case was going to be called for trial. Therefore, the Office of the Federal Public Defender retained their own expert, Dr. Arias, a psychologist. Ms. Barrist, counsel for the Defendant, announced at the hearing that after an examination of the Defendant, Dr. Arias has provided Ms. Barrist with an oral report which indicates that the Defendant is competent.

8. This Court advised the parties that at the conclusion of the hearing on June 20, 2007, the Defendant would be returned to FDC, Miami, for completion of the mental competency/sanity evaluation previously ordered by this Court. The reason for this is that the Defendant has made argument in his Motion to Suppress Statements [D.E. #49] (which this Court will address by way of a separate Report and Recommendation), and during his testimony at the hearing in respect to that motion, that he has a history of mental disorders and treatment. The Defendant's Motion for Competency and Sanity Evaluation mirrors these same allegations in which the Defendant claims that he told the detectives at the time of his arrest that "his mind was going crazy", that he has been on prescribed medication in the past, that he was bipolar, that he has been "on and off psychiatric medications" including Prozac and Distaril, that he has been having hallucinations and that he has been treated for mental illness since he was a child in Jamaica. All of these allegations which were set forth in the Motion for Competency and Sanity Evaluation and which the Defendant appears to still make in respect to this case, are matters which are subject to this Court's previous Order directing a competency/sanity evaluation. Unless the

4

Defendant completely withdraws any such allegations, this evaluation should proceed to its conclusion in spite of the fact that the Defendant's own expert may say that the Defendant is competent at this time.

9.      In this regard, Ms. Barrist, counsel for the Defendant, announced that it was her understanding that Judge Moore was going to proceed with this matter even if the Court-ordered evaluation had not been completed. This Court responded by stating that this is Judge Moore's case and that if the evaluation is not completed by the doctor at FDC, Miami by the time that the matter is called for trial, that Judge Moore will address that issue. Nevertheless, this Court is not going to stop the evaluation which has previously been ordered in light of the allegations being made by the Defendant concerning his mental history and treatment.

**ACCORDINGLY**, this Court recommends to the District Court as follows:

   a.   That the Defendant's Motion to Preclude Rule 404(b) Evidence [D.E. #48] be **GRANTED** only in respect to evidence concerning the January 14, 2007 armed robbery of the Express Food Market and shall be **DENIED** in all other respects;

   b.   That the Defendant's Amended Motion to Preclude Rule 404(b) Evidence [D.E. #51] be **DENIED**; and

   c.   That the Defendant's Motion to Sever Defendants [D.E. #38] be **DENIED**.

The parties shall have ten (10) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, United States District Judge assigned to this case.

**DONE AND SUBMITTED** this 20th day of June, 2007, at Ft. Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

cc:
Hon. K. Michael Moore
AUSA Corey Steinberg
AFPD Lori Barrist